**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARIUS GARRISON**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO: 22-393**

**ORLEANS PARISH**
**SHERIFF'S OFFICE ET AL.**                                            **SECTION "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Relief from Judgment (Doc. 49).
For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On February 14, 2022, Plaintiff Darius Garrison brought this *pro se*
action pursuant to 42 U.S.C. § 1983 arising out of injuries he sustained while
incarcerated at the Orleans Parish Justice Center ("OJC"). After some progress
in the case, Plaintiff was released or transferred from the OJC, and his
whereabouts became unknown. Plaintiff ceased participation in the action. On

1

March 16, 2023, this matter was dismissed with prejudice for failure to prosecute.

On November 29, 2024, Plaintiff filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60, asking the Court to reopen his case. Defendants oppose.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides a mechanism by which a party may seek relief from a final judgment, order, or proceeding. Federal Rule of Procedure Rule 60(b) provides the grounds upon which a party may seek relief from a final judgment. These grounds include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) relief will only be afforded in 'unique circumstances.'"[1] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1),

---

[1] Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

(2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[2]

## LAW AND ANALYSIS

In his Motion, Plaintiff contends that after he was released from the OJC, he was sent to a psychiatric hospital. Upon release from hospitalization, Plaintiff was later incarcerated again. Plaintiff is currently incarcerated at Franklin Parish Detention Center. Plaintiff alleges that during his period of hospitalization, he could not contact the courts, and therefore, could not move his case forward. He asks the Court to reopen this case so that he can proceed with his claim.

Defendant opposes reopening Plaintiff's case, arguing that his Motion is untimely and without evidentiary support. This Court agrees. First, Plaintiff's Motion comes more than one year after judgment was entered. Accordingly, a request for relief under Rule 60(b)(1), (2), or (3) is untimely. And Plaintiff does not provide any arguments supporting relief under Rule 60(b)(4), (5), or (6). Further, Plaintiff has not provided any evidence of his hospitalization or the length thereof to justify a 20-month delay in filing this Motion.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

---

[2] Fed. R. Civ. P. 60.

New Orleans, Louisiana this 18th day of March, 2025.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**